IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY HENSLEY, *et al*,

    Plaintiffs,

v.     No. 24-cv-0444-SMD-SCY

FNU WILKENS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on the Prisoner Civil Rights Complaints and supplemental filings in this case, which were submitted by five inmate-plaintiffs: Jeremy Hensley; Domenique Sedillo; Gabriel Perez; Lawrence P. Rivas; and Kenneth Williams. *See* Docs. 1, 2, 4, and 6. The inmate-plaintiffs seek to prosecute a *pro se* class action lawsuit under 42 U.S.C. § 1983. *See* Doc. 1 at 3. The claims primarily challenge the inmates' conditions of confinement at the Guadalupe County Correctional Facility (GCCF) in Santa Rosa, New Mexico. As a threshold issue, the Court must determine whether it is permissible or feasible for five *pro se* plaintiffs to prosecute this case.

    Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Fed. R. Civ. 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

    Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against

permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (same); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed must bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings, and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Fed. R. Civ. P. 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis,* they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff could accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed as malicious, frivolous, or for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation … raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. Different subsets of inmate-plaintiffs filed different amended pleadings, making it impossible to discern the scope of the joined claims. *See, e.g.,* Doc. 2 (amended complaint listing four of the five inmate-plaintiffs in the caption); Doc. 6 (amended complaint listing three of the five inmate-plaintiffs in the caption). It appears two of the five inmate-plaintiffs (Domenique Sedillo and Kenneth Williams) severed contact with the Court. *See* Docs. 9-10. Moreover, even if the Court were inclined to permit a joinder, the inmate-plaintiffs cannot pursue a *pro se* class action. It is well settled that class representatives may not appear *pro se*. *See McGoldrick v. Werholtz*, 185 Fed. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action.") (citations omitted); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) ("class representatives cannot appear *pro se*").

For these reasons, the Court will not permit the proposed joinder. Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Fed. R. Civ. P. 20. Some courts dismiss the entire case and require each inmate-plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case. All five inmate-plaintiffs submitted or joined multiple pleadings. Dismissing the claims and requiring each inmate-plaintiff to file their own case will also not result in any prejudice. The claims arose in 2024 and are not time-barred. *See* Doc. 1 at 1 (noting the date); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). None of the inmate-plaintiffs have paid a fee in this case, as the Court deferred collections until after making a determination on the proposed joinder.

The Court will therefore dismiss this case, and each pleading herein, without prejudice. Each inmate-plaintiff may file a new case limited to their own claims, if they wish to continue litigating. Finally, the Court will deny as moot all pending motions to proceed *in forma pauperis* (Docs. 3, 5, and 7) without prejudice to refiling in the new case.

**IT IS ORDERED** that all claims in the above-captioned case are **DISMISSED without prejudice**; all pending motions (**Docs. 3, 5,** and **7**) are **DENIED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE